UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JEFFERY WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 09-CV-074-ART |
| v. ) | |
| ) | |
| SUZANNE R. HASTINGS, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jeffery Walker is currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the United States Penitentiary in Atlanta, Georgia.[1] He has submitted a *pro se* complaint, alleging that federal officials violated his constitutional rights as well as both federal and state law. He makes his claims based on events that occurred when he was incarcerated at the United States Penitentiary Big Sandy ("USP Big Sandy") in Inez, Kentucky. His complaint is now ripe for the Court's screening. *See* 28 U.S.C. §1915A(a). Since Walker fails to state a claim upon which relief can be granted, the Court must dismiss this action.

## BACKGROUND

The Court has liberally construed, in Walker's favor, the following factual allegations from his complaint. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). He alleges the following:

On or about August 20, 2006, Walker was diagnosed with H Pylori, a bacterium that can

---

[1] The plaintiff refers to himself as both "Jeffery" and "Jeffrey" in his pleadings. For the purposes of this case, he will be referred to as "Jeffery."

infect one's stomach or intestine, and doctors prescribed him medication to treat it. R. 2 at 4. On or about August 23, 2006, medical staff told him that he had almost been given the wrong medication since another inmate named "Jeffery Walker" was taking psychotropic medications. *Id.* Walker told the medical staff that he thought he had already been receiving the wrong medication. *Id.* As a result of his medication, Walker had been experiencing depression, stomachaches, and mood swings. *Id.*

Walker and other inmates had previously notified USP Big Sandy staff of their failures to identify inmates correctly. *Id.* at 7. For example, Jeffry Walker–the man who bore the almost identical name to the plaintiff– stated that he received the plaintiff's mail several times. *Id.* He has told staff of the problem. He also stated that he is taking Zyprexa. *Id.*

On August 27, 2006, Walker went to the pill line at USP Big Sandy to get his medication. *Id.* at 5. His medication looked wrong so he told Defendant D. Spradlin, a registered nurse at the prison, about the irregularity. *Id.* Walker and Spradlin got into an argument and then Lieutenant J. Endicott was called. *Id.* Lieutenant Endicott asked Spradlin to confirm that the medication was correct. *Id.* It turns out that it was not the correct medication for Walker. *Id.*

The next day, Walker went to the pill line and got medication from Spradlin. *Id.* After taking the medication, Walker became delusional and began feeling sick. *Id.* When Spradlin returned to the lobby area, Walker asked him about whether he was given the correct medication. *Id.* This time, Walker attacked Spradlin. *Id.* Walker began to strike Spradlin in the face area when Spradlin approached him. *Id.*

Because of his attack on Spradlin, Walker was placed in the Segregated Housing Unit ("SHU"). *Id.* At SHU, Walker again received the wrong medication. *Id.* This time, he received

Zyprexa, a psychotropic narcotic. *Id.* While in SHU, he filed several requests to address his receiving repeatedly receiving the wrong medication. *Id.* at 6.

Walker's mother, Fannie Henry, got in contact with Defendant Suzanne R. Hastings, Warden at USP Big Sandy, and John Vanyur, Assistant Director of the Correctional Programs Division at the BOP. *Id.* On September 19, 2006, the government notified Ms. Henry that Walker had not been given the wrong medications. *Id.*

On March 15, 2007, Defendant Francisca Terrero-Lelbel, Health Services Administrator at USP Big Sandy, met with the plaintiff. She told him that the wrong medication had been given to him but it was not harmful. *Id.* Still, the staff had been advised of the error. *Id.* During the relevant time period, the plaintiff suffered dementia, anxiety, depression, mood swings, behavior problems, and memory loss. *Id.* at 7. Moreover, Walker has no recollection of being belligerent of uncooperative. *Id.* at 6. However, Defendant Terrero-Lelbel stated Walker's side effects were not from Zyprexa. *Id.* Defendant Terrero-Lelbel noted that Walker's only recourse for being given the wrong medication was a civil action in tort. *Id.*

On May 29, 2007, Defendant Hector Rios, the Warden after Hastings at USP Big Sandy, responded to a complaint of Walker's. *Id.* Defendant Rios told Walker that he was not given the wrong medication—prior to his placement in SHU. *Id.* Further, he stated no adverse side effects were suffered due to Walker getting the wrong medication. *Id.* at 6-7. Neither Defendant Rios nor Defendant Hastings took corrective actions after being made aware of Walker getting the incorrect medication. *Id.* at 7.

Roughly two years after his meeting with Defendant Warden Rios, on June 2, 2009, Walker filed a complaint in district court against various employees of USP Big Sandy, including wardens

Hastings and Rios.  *See* R. 2.  He brought the claims against the defendants in both in their official capacities and individually.  *See id.*  He alleged that the defendants violated his right to due process under the Fifth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment.  *Id.* at 7-8.  Further, he stated the defendants violated various federal statutes. *Id.* at 8-10.  He cited the following federal criminal statutes: 18 U.S.C. §§ 1001, 1035, 1341, 1346, and 1349.  *Id.*  He stated generally that state law was also violated, without citing a specific statute. R. 2 at 8-10.  Walker sought relief in the form of a declaratory judgment, injunctive relief, and both compensatory and punitive damages.  *Id.* at 10-11.

On June 16, 2009, his motion to proceed *in forma pauperis* was granted.  R. 6.

## DISCUSSION

Since Walker is a prisoner, the Court must screen his complaint if it is brought against a governmental entity or the officers or employees of a governmental entity.  28 U.S.C. § 1915A(a).  Here, the prisoner has brought an action against the officers and employees of USP Big Sandy, a federal prison.  Thus, the Court must review his complaint to identify cognizable claims or dismiss claims (or the entire complaint if appropriate) where the claims are: (1) frivolous, malicious, or fail to state a claim upon which relief may be granted or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A(b).  For the reasons stated below, the plaintiff fails to state a claim upon which relief can be granted and, consequently, his complaint must be dismissed.  *See id.*

Since Walker is appearing *pro se*, his pleadings, including his complaint, are held to less stringent standards than those drafted by an attorney.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the

plaintiff's allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Walker makes two sets of claims in his complaint. First, he argues that his constitutional rights under the Fifth and Eighth Amendments were violated by the defendants, all employed at a federal prison, USP Big Sandy. The Court construes that set of claims as a *Bivens* action. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court recognized a right to recover damages against federal officials who violate an individual's constitutional rights. 403 U.S. 388, 395 (1971). Second, he claims the defendants violated various federal criminal statutes and also state law. Neither set of claims can bring him relief.

***Constitutional Claims***

Walker's constitutional claims in his *Bivens* action are barred due to Kentucky's statute of limitations. For purposes of determining applicable statutes of limitations in *Bivens* actions, the most analogous statute of limitations from the state where the events giving rise to the claim occurred are applied. *Baker v. Mukasey*, 287 F.App'x 422, 424 (6th Cir. 2008). Walker's claims arose in Kentucky, and therefore, a one-year statute of limitations applies. *Id.* (citing Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir.2003)).

The events that Walker alleges violated his constitutional rights all occurred between August 2006 and May 2007. But Walker did not file his complaint until June 2009. He waited roughly two years before bringing his *Bivens* action, a full year after the applicable one-year statute of limitations had run. Clearly, his constitutional claims are barred by Kentucky's statute of limitations.

Walker might argue that the defendants had an on-going duty to correct their errors even

after Warden Rios' conversation with him in May 2007 (the most recent event alleged in his complaint). Yet, if such an argument were accepted, the purpose of the statute of limitations would be rendered meaningless. The statute of limitations would be tolled as long as Walker was in prison and the defendants took no corrective action. Moreover, this is not a close call on the one year of statute of limitations. The last actions stated in the complaint were in May 2007. Even if the plaintiff is given some lee way on the statute of limitations, his claims would be dismissed since he brought this action one full year after Kentucky's statute of limitations had run.

In addition, there is no need to consider the effect of an ongoing administrative grievance on Walker's statute of limitations. The complaint does not suggest that any such grievance of Walker's was pending between May 2007 and June 2009.

*Federal Law Claims*

The federal law he cites does not give a private individual a cause of action in federal court and, thus, cannot be a basis for his action. He cites the following federal criminal statutes: 18 U.S.C. §§ 1001, 1035, 1341, 1346, and 1349. These criminal statutes cannot be used to sustain his civil complaint against the defendants. "[A]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Mercer v. Lexington Fayette Urban County Government*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. April 13, 1995) (citing Sahagian v. Dickey, 646 F.Supp. 1502, 1506 (W.D.Wis. 1986))**.** This Court does not have jurisdiction to order that a criminal complaint be filed. Accordingly, the federal criminal statutes cited do not provide Walker a basis for this action and, hence, those claims must be dismissed.

*State Law Claims*

Walker also alleged that the defendants violated state law, without mentioning which statutes were violated. Putting aside the lack of specificity in Walker's state law claims (given that he is a *pro se* plaintiff), those claims are barred for the same reasons that his *Bivens* action was barred. Not even considering what state law would be the basis of those claims, they can be dismissed since the state law claims also were filed a full year after Kentucky's one-year statute of limitations had run.

Alternatively, if the state law claims are construed to be based on Kentucky's criminal statutes, they are dismissed for the same reasons that the federal law claims were dismissed. Namely, only prosecutors can initiate criminal complaints.

### CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)   Upon the Court's initial screening of the plaintiff's complaint, this action is **DISMISSED WITH PREJUDICE** since the plaintiff fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b)(1).

(2)   **JUDGMENT** shall be entered contemporaneously with this Memorandum Opinion and Order, in favor of the defendants.

This the 4th day of September, 2009.



Signed By:
*Amul R. Thapar* AT
United States District Judge